UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANIMALSCAN, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:18-cv-02288 |
| v. | (SAPORITO, M.J.) |
| LIVE OAK VETERINARY SPECIALISTS, LLC, et al., | |
| Defendants. | |

**MEMORANDUM**

This matter is before the court on the motion to amend answer by adding affirmative defenses and crossclaim filed by the defendants, Covert Aire, LLC ("Covert Aire") and Michael Covert ("Covert"). (Doc. 43).

## I. *Statement of Facts*

As we write solely for the parties, we incorporate by reference the factual background as recited by the Honorable Malachy E. Mannion in his Memorandum dated August 13, 2019, on the defendants' motion to dismiss. (Doc. 6; Doc. 15;). In addition, we also find the following facts pertinent to our determination of the motion before us. Before the parties consented to the jurisdiction of the undersigned, Judge Mannion issued

1

a scheduling order on November 13, 2019, which set forth a deadline for the amendment of pleadings as April 1, 2020. (Doc. 27). Original counsel for Covert Aire and Covert entered an appearance on December 5, 2018, and answered the complaint on September 29, 2019. (Doc. 5; Doc. 21). Upon a joint motion to extend the case management deadlines, we ordered that fact discovery be completed by November 2, 2020; plaintiff's expert reports shall be due on November 2, 2020; defendants' expert reports shall be due on December 1, 2020; dispositive motions shall be filed by December 14, 2020; and expert discovery be completed by March 31, 2021. (Doc. 32).

New counsel for Covert Aire and Covert entered appearances on June 23, 2020, June 24, 2020, and July 27, 2020, respectively. (Doc. 38; Doc; 39; Doc. 44). On July 22, 2020, Covert Aire and Covert filed their motion to amend (Doc. 43), which is before us for disposition. The motion has been fully briefed and is ripe for a decision. For the reasons set forth herein, we will grant the motion.

## II.   *Legal Standards*

Federal Rule of Civil Procedure 15(a) sets out the standard for granting leave to amend a pleading when, as is the case here, a

responsive pleading has been served: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The Rule clearly states that "[t]he court should freely give leave when justice so requires." *Id.* Nonetheless, the policy favoring liberal amendments is not "unbounded." *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990). The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Waterfront Renaissance Assoc. v. Phila.,* 701 F. Supp. 2d 633, 639 (E.D. Pa. 2010). A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman,* 371 U.S. at 182).

Federal Rule of Civil Procedure 13 governs crossclaims and permits any party to the lawsuit to assert a claim against a co-party, if the claim arises out of the transaction or occurrence that is the subject matter of the original action or counterclaim, or if the claim relates to any property that is the subject matter of the original action.

## III. Discussion

In their motion to amend, Covert Aire and Covert argue that their defense was assumed by new counsel on June 23, 2020, and just over two weeks later, on July 8, 2020, new counsel advised counsel for the other parties of the intention to amend the answer to the complaint to add affirmative defenses and a cross-claim against the co-defendants. (Doc. 45, at 3). In their brief in opposition, the defendants Live Oak Veterinary Specialists, LLC and Jason King (the "Live Oak defendants") contend that Covert Aire and Covert filed an answer on September 29, 2019, and the time to file amended pleadings expired on April 1, 2020. Thus, they contend that they would be prejudiced if we granted leave to amend. (Doc. 47, at 4).

### a. Undue Delay

In the Third Circuit, delay alone does not justify denying a motion to amend. *Veneziale v. Quest Diagnostics*, Civ. Action No. 11-4879, 2013 WL 4551178 *1 (E.D. Pa. Aug. 28, 2013). Delay becomes 'undue' when it places an unwarranted burden on the court, or prejudicial when it places an unfair burden on the opposing party. *Id.* 2013 WL 4551178 *2. The question of undue delay requires the court to focus on the movant's

reasons for not amending sooner, "while bearing in mind the liberal pleading philosophy of the federal rules." *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Whether delay is undue depends on the facts and circumstances of the case. *Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*, No. 05-cv-0033, 2006 WL 1289545 *4 (M.D. Pa. May 9, 2006).

Here, the movants maintain that their new counsel thought it advantageous for them to seek leave to amend the answer to include affirmative defenses and crossclaims against the Live Oak defendants. It is undisputed that the court set April 1, 2020, as the final date for the amendment of the pleadings. (Doc. 27). New counsel entered appearances (Doc. 38; Doc. 39; Doc. 44) beginning on June 23, 2020, and they filed the motion to amend one month later—July 23, 2020. The movants indicate in their brief that their new counsel gave notice of intention to seek leave to amend the answer to the other counsel on July 8, 2020—about two weeks after they entered an appearance. We note that during this time, on July 10, 2020, the plaintiff filed its answer to counterclaim and affirmative defenses with respect to the counterclaim of the Live Oak defendants. (Doc. 42). The Live Oak defendants do not

maintain that either Covert Air or Covert engaged in bad faith or dilatory motives. As delay alone is an insufficient ground to deny leave to amend, we see no basis to deny the proposed amendment based on undue delay. *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n.*, 573 F.2d 823 (3d Cir. 1978).

### b. Futility

In assessing "futility" the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000) (citations omitted). Under this standard, a court must take all the well-pleaded allegations as true, construe the [amended pleading] in the light most favorable to the non-moving party. *Vallies v. Sky Bank*, 432 F.3d 493, 494 (3d Cir. 2006). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 527 (3d Cir. 2014).

Here, the Live Oak defendants contend that in the proposed amended answer asserting a crossclaim against them, Covert Aire and Covert fail to plead facts to establish any claim against either of the Live

Oak defendants. We disagree. In the proposed amended crossclaim against the Live Oak defendants, Covert Aire and Covert incorporate "all the allegations contained in the Plaintiff's Complaint" against the codefendants. (Doc. 43, at 39-40). In doing so, they assert crossclaims for indemnity and contribution. (*Id.*). The allegations in the plaintiff's complaint are sufficient to put the Live Oak defendants on notice of the proposed crossclaims which the movants wish to assert.

### c. *Prejudice*

We now turn to the issue whether the amendment would prejudice the Live Oak defendants. Substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). The issue of prejudice requires that we focus on the hardship to the [nonmoving party] if the amendment were permitted. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). The burden is on the nonmoving party to establish prejudice and the burden is high. *Dole*, 921 F.2d at 488. The nonmoving party has a heavier burden than merely claiming prejudice, it must show that an unfair disadvantage or deprivation will result by allowing the amendment. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous.*, Inc., 663

F.2d 419, 426 (3d Cir.1981). Prejudice has been defined as "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Hesling v. Avon Grove Sch. Dist.*, 428 F. Supp.2d 262, 278 (E D. Pa. 2006); *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir.1996). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). To successfully oppose a plaintiff's motion, the defendant must "demonstrate that [its] ability to present [its] case would be seriously impaired were amendment allowed." *Dole*, 921 F.2d at 488.

Here, the Live Oak defendants do not specifically address the prejudice prong of the analysis other than to state that "prejudice would be especially acute given the months-long passage of this Court's generous deadline for amending pleadings." (Doc. 47, at 5). Nevertheless, we have considered whether allowing the proposed amendment would result in additional discovery, cost, and preparation

8

to defend against new facts or new theories and we find none, as the issues do not change. The Live Oak defendants are still required to defend the allegations of the complaint and prosecute the allegations of their counterclaim against the plaintiff. Also, granting the amendment will not significantly delay the resolution of the dispute nor impair the Live Oak defendants' presentation of their case. Finally, we see no impairment which would prevent a party from bringing a timely action in another jurisdiction.

For all the foregoing reasons, we will grant the motion to amend filed by Covert Aire and Covert.

An appropriate order follows.

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: September 21, 2020